UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE.AI, INC.,

    Plaintiff,

v.

CLARI INC.,

    Defendant.

No. C 21-06314 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

# INTRODUCTION

The day before the hearing on a motion for judgment on the pleadings of patent ineligibility, the patent owner filed the instant motion for leave to amend the complaint, adding allegations regarding the technical improvements recited by the claims-in-suit as well as the inventive concept they capture. An order granted the alleged infringer's motion for judgment on the pleadings, holding all asserted claims of the seven patents-in-suit ineligible under Section 101 after conducting an *Alice* analysis. Because permitting this amendment after the patent owner's undue delay would be futile and prejudicial to the alleged infringer, the motion is **DENIED**.

# STATEMENT

The recent order granting defendant Clari Inc. judgment on the pleadings described our facts (Dkt. No. 73). Plaintiff People.ai, Inc. filed this patent-infringement suit against Clari in March 2021 in the United States District Court of the District of Delaware. In July 2021, the

action was transferred to our district and reassigned to the undersigned in light of the asserted patents overlapping with the patents in *People.ai v. SetSail Techs., Inc.*, No. C 20-09148 WHA (N.D. Cal. filed Dec. 17, 2020). Here, the first amended complaint alleged that Clari infringed U.S. Patent Nos. 10,496,634; 10,565,229; and 10,657,129 (all three of which were also asserted against SetSail); as well U.S. Patent Nos. 10,503,783; 10,657,132; 10,872,106; and 10,922,345. These seven patents generally recite systems and methods to automate data parsing and analysis to improve the quality of information input and used by a customer relationship management (CRM) system. Clari moved for judgment on the pleadings on the grounds that all seven patents were patent ineligible under Section 101, which an order dated December 13, 2021, granted (Dkt. No. 73).

The day before the hearing on that motion, however, People.ai. moved for leave to file a second amended complaint (Dkt. No. 64). People.ai explained that it "modified its pleadings to include allegations based on the Declaration of Oleg Rogynskyy submitted with People.ai's opposition to Clari's motion for judgment on the pleadings" (Br. 1). Despite the order granting judgment on the pleadings, this order considers People.ai's motion, which follows full briefing and oral argument held telephonically due to the COVID-19 pandemic.

## ANALYSIS

The particular posture of our case merits consideration of both Rule 15 and the standard for leave to amend after judgment on the pleadings has been granted. Rule 15 states that leave to amend should be freely given when justice so requires. A district court will consider: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) repeated failure to cure deficiencies despite previous amendments. The touchstone of the evaluation is prejudice to the opposing party. Absent prejudice or a strong showing for another factor, a presumption typically exists under Rule 15 in favor of granting leave to amend. Delay alone cannot justify denying leave to amend, but futility can. District courts will often omit the fifth factor when inapplicable. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

1052 (9th Cir. 2003); *Hurn v. Ret. Fund Tr. of Plumbing, Heating and Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

Next, "[a]s with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made unless it is clear that amendment would be futile." *Pavlina v. Safeco Ins. Co. of Am.*, No. C 12-00534 LHK, 2012 WL 5412796, at *3 (N.D. Cal. Nov. 6, 2012) (Judge Lucy H. Koh) (citing *Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008) (mem.)). Amendment is futile if the complaint would fail to state a claim for relief. As in a motion to dismiss, an amended complaint properly states a claim when the factual allegations permit a reasonable inference, not just speculation, that the defendant is liable for the misconduct alleged. All factual allegations rate as true, but legal conclusions merely couched as fact may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

*First*, People.ai's eleventh-hour amendment on the eve of our hearing on Clari's motion for judgment on the pleadings demonstrates both undue delay and People.ai's failure to cure pleading deficiencies in previous amendments. In April 2021, shortly after People.ai filed its original complaint, Clari first moved to dismiss on the ground that the asserted claims were patent ineligible under Section 101 (Dkt. Nos. 8, 9). In light of that motion, People.ai amended its complaint as a matter of course pursuant to Rule 15(a)(1) (Dkt. No. 21). Yet, the amendment failed to include any of the allegations People.ai now seeks to add. Clari put People.ai on full notice that this case would address patent eligibility. Only after Clari moved for judgment on the pleadings contesting patent eligibility for a second time (and filed reply briefing supporting its motion) did People.ai seek to add further allegations regarding the technical improvements recited by the claims-in-suit and the inventive concept they purportedly embody. People.ai has provided no explanation for why it failed to include these allegations in its previous amendment. Nor does People.ai attempt to justify why it sat on those allegations for six months, only to include them now in a filing the day before the

3

1  hearing on Clari's Rule 12(c) motion. This order finds that, due to a dilatory motive, People.ai
2  unduly delayed in including these new allegations that address patent eligibility issues Clari
3  had previously flagged. The strong showing for these factors support denial of leave to amend.

4  *Second*, amendment here ranks as futile. People.ai's new allegations are based on the
5  Rogynskyy declaration. Thus, they ostensibly provide a factual buttress for the Section 101
6  eligibility of the claims-in-suit so that they can withstand a further Rule 12 challenge. They
7  fail to provide that support.

8  As People.ai explains it, the proposed second amended complaint "specifically ties the
9  claimed benefits and technical improvements described in Mr. Rogynskyy's declaration and
10 the proposed SAC to the language of the claims" (Reply Br. 2). The Rule 12(c) order
11 considered the alleged technical improvements recited by the patents-in-suit at *Alice* step two
12 (Dkt. No. 73 at 9, citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed. Cir.
13 2016)). On this issue, People.ai reminds us that "patentees who adequately allege their claims
14 contain inventive concepts survive a § 101 eligibility analysis under Rule 12(b)(6)." *Aatrix
15 Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1126-27 (Fed. Cir. 2018).

16 As People.ai also explicitly recites (Br. 2), the Federal Circuit has further clarified that:
17 "While we do not read *Aatrix* to say that any allegation about inventiveness, wholly divorced
18 from the claims or the specification, defeats a motion to dismiss, plausible and specific factual
19 allegations that aspects of the claims are inventive are sufficient. *As long as what makes the
20 claims inventive is recited by the claims*, the specification need not expressly list all the reasons
21 why this claimed structure is unconventional." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d
22 1306, 1317 (Fed. Cir. 2019) (citation omitted, emphasis added).

23 The order granting judgment on the pleadings of Section 101 patent ineligibility
24 specifically found the *claims-in-suit* did not recite the inventive concept proffered by People.ai.
25 People.ai argued the asserted inventive concept — that the patented system stores associations
26 between record objects and electronic activities outside, and separate from, the CRM platform
27 — provides many benefits. People.ai provided several explanations for how the patents
28 captured this separation theory. But for some explanations, however, the plain language of the

4

claim conflicted with the how People.ai read the inventive concept into the patent. Another explanation avoided the language of the claims altogether and focused on a particular figure in the specification without then relating back to the claims. The Rule 12(c) order accordingly found that People.ai failed to explain how the claims actually captured the stated inventive concept (Dkt. No. 73 at 10–13).

Incorporating the Rogynskyy declaration as factual allegations in the proposed second amended complaint does not fix these problems for People.ai. Although the Rule 12(c) order declined to address the Rogynskyy declaration, it explained:

> The declaration fleshes out People.ai's separation theory and its alleged benefits, . . . [But] this order questions whether the declaration would provide much support since People.ai has not found a hook for the inventive concept in the language of the claims. Further factual allegations would not seem to rectify this flaw

(*id.* at 13). Further factual allegations have not rectified the flaw. Despite People.ai's assertions to the contrary, the new allegations fail to identify further connections tying the patents' supposed technical improvements and inventiveness with the actual language of the claims. Rather, the new allegations simply restate the same explanations of how the patent claims recite the separation theory that People.ai offered up in opposition to Clari's Rule 12(c) motion. Those arguments were rejected (*compare* Dkt. No. 73 at 10–13, *with* Proposed Sec. Amd. Compl. ¶¶ 9–21, 47–52).

Because nothing has changed, this order finds leave to add additional allegations regarding People.ai's separation theory futile. Ultimately, as explained in depth previously in the Rule 12(c) order, the claims are directed to a completely different, abstract and non-inventive concept. In the hearing, People.ai cited *BASCOM Glob. Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016) as an analogous case where technical improvements in filtering content on the internet were found patent eligible. *BASCOM* is indeed an appropriate point of comparison on this issue. The claims in *BASCOM* specifically and unambiguously recited the filtering concept that was found to be an inventive technical improvement. *See id.* at 1345–46. The claims here, in comparison, do not focus on, or recite

at all for that matter, a system architecture that manifestly separates the claimed system and its data analytics processes from the CRM system.  Rather, the claims address the analytics process itself — *e.g.*, matching emails to data profiles (Dkt. No. 73 at 6, 10).  While People.ai has added new explanations couched as factual allegations, this order need not accept as true People.ai's *legal contention* that the asserted inventive concept is recited in the claims-in-suit.

People.ai also alleges additional inventive concepts in its proposed second amended complaint, such as how the patented system can match an electronic activity to more than one record object (Reply Br. 2–3).  This order pauses to again emphasize People.ai's shifting-sands approach to Section 101 eligibility.  That approach reflects its undue delay in bringing forth these allegations.  Nothing prevented People.ai from asserting this concept when it first amended its complaint.  People.ai also omitted any direct reference to this concept in its opposition to Clari's Rule 12(c) motion (Dkt. No. 58 at 8).  Regardless, amendment to include this theory is also futile.  The alleged technical improvement recites the ability to match an electronic activity (like an email) to two or more record objects (data profiles), rather than just a single record object.  Like the other alleged technical improvements considered by the Rule 12(c) order (Dkt. No. 73 at 13–14), this concept does not amount to "significantly" more than a patent upon the abstract idea of matching communications to the correct file, generally.  *See Alice Corp. Pty. Ltd. v. CLS Bank. Int'l*, 573 U.S. 208, 217–18 (2014).  Moreover, the allegation includes the unexplained qualification that "CRM such as Salesforce **generally** only allow an electronic activity to match with one record object" (Reply Br. 2), which, even viewing the allegation in the light most favorable to People.ai, undermines its theory.

In sum, amendment is futile because the additional factual allegations that People.ai has inserted into its proposed second amended complaint do not address the deficiencies pointed out in the order granting Clari judgment on the pleadings.  Futility "alone can justify denial of a motion for leave to amend." *Johnson*, 356 F.3d at 1077.

*Third*, this order finds Clari would be prejudiced should People.ai be given leave to amend.  Clari has already exerted significant time and expense in drafting two Rule 12 motions on Section 101 ineligibility.  Granting leave to amend would impose further unnecessary

6

expense on Clari and permit People.ai another bite at the apple with allegations it should have asserted at the latest in its first amended complaint. Moreover, as explained, People.ai's revisions do not address the substantive issues upon which the Rule 12(c) order found the asserted claims of the patents-in-suit patent ineligible. Prejudice, the lynchpin of the analysis for a leave to amend, favors Clari.

*Fourth*, this order does not specifically find that People.ai has acted in bad faith. However, neither will it endorse People.ai's gamesmanship and shifting-sands approach to keep this case on life support.

In sum, undue delay, failure to resolve pleading deficiencies despite previous amendments, futility, and prejudice all support denying People.ai leave to amend.

## CONCLUSION

People.ai's motion for leave to amend is **DENIED WITH PREJUDICE**. Clari's motion to amend the case management scheduling order (Dkt. No. 68), is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 26, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE